IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RICHARD GEER,

          Plaintiff,

vs.                             **Case No. 09-4160-RDR**

TAYLOR FORGE ENGINEERED
SYSTEMS, INC.,

          Defendant.

---

**MEMORANDUM AND ORDER**

I.   INTRODUCTION.

Plaintiff has filed a complaint alleging that he was terminated from his employment in retaliation for lawfully exercising his rights under the Kansas Workers' Compensation Act, K.S.A. 44-501 *et seq*. This case is before the court upon defendant's motion to dismiss or, in the alternative, for summary judgment. Doc. No. 17. The court shall treat the motion as a motion for summary judgment because it relies upon materials outside of the complaint. Burnham v. Humphrey Hospitality REIT Trust, Inc., 403 F.3d 709, 713 (10th Cir. 2005).

Although plaintiff's response to defendant's motion is not docketed as a summary judgment motion, plaintiff states within the response that he is asking for "summary judgment." Plaintiff has not asked that a judgment be entered against defendant upon any claim for relief. Nor has plaintiff asked that judgment be entered against a claim for relief made by defendant; defendant has made

none.  Therefore, "summary judgment" in favor of plaintiff is not appropriate.

II.  SUMMARY JUDGMENT STANDARDS.

Summary judgment must be granted if the pleadings and materials on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The court must view the record in a light most favorable to the party opposing the motion for summary judgment.  Deepwater Investors, Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).  The court must determine "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson, 477 U.S. at 251-52.

III.  THE PARTIES' ARGUMENTS.

Defendant contends that this case must be dismissed because plaintiff's claims are covered in a settlement plaintiff and defendant entered into before plaintiff brought this case.  Part of the language of the settlement was that:  "the claimant [plaintiff] releases the respondent [defendant] and carrier from all liability and for all claims and issues from any jurisdiction including, but not limited to, nature and extent of disability, accident, past and future temporary total disability."  Plaintiff argues that the settlement applies only to plaintiff's worker's compensation

claims.

IV. UNCONTROVERTED FACTS.

The following facts appear to be uncontroverted. Plaintiff was injured while working for defendant on December 29, 2006. Plaintiff filed for workers' compensation benefits regarding the injury. On December 19, 2007, defendant terminated plaintiff's employment. On June 23, 2008, as part of plaintiff's workers' compensation proceedings, plaintiff and defendant entered into a settlement agreement which contained the following terms:

> In addition to paying all valid and authorized medical expenses that were incurred up to today's date the respondent and carrier propose to pay a lump sum of $77,000 which represents a compromise on disputed work disability, functional impairment, and permanent total disability in which the parties have agreed to resolve all issues, except the right of future medical care and treatment as set forth herein, recognizing the value of the remaining entitlement for permanency after deduction of temporary total disability benefits paid to date which additional deduction of 8 percent to obtain the lump sum of $77,000 on a strict compromise as follows: In exchange for the settlement the claimant releases the respondent and carrier from all liability and for all claims and issues from any jurisdiction including, but not limited to, nature and extent of disability, accident, past and future temporary total disability. However, it is expressly agreed that future medical expenses, if any, will remain the responsibility of the employer so long as they are incurred by an authorized physician for valid conditions specifically related to the work injury and upon proper application to the employer in advance of incurring the expenses. All remaining rights, not specifically retained herein, including, but not limited to, further claims for permanency, regardless of jurisdiction, unauthorized medical expenses, and rights to review and modification of the award are expressly waived.

This settlement was reached in the context of plaintiff's

3

workers' compensation case, Docket No. 1,033,095 before the Division of Workers Compensation for the State of Kansas. Plaintiff's attorney in that proceeding did not represent or advise plaintiff regarding any other claims against defendant. The attorney limits his practice to workers' compensation matters. During the hearing in which the settlement was discussed and during negotiations leading to the settlement, no specific reference was made to a retaliation claim or any other claim not related to the workers' compensation case. The mention of "any jurisdiction" within the settlement language is standard verbiage in workers' compensation settlement agreements because the location of the accident is at times different from the employer's principal place of business.

V. ANALYSIS.

In diversity cases, the substantive law of the forum state governs the analysis of the underlying claims. Haberman v. The Hartford Insurance Group, 443 F.3d 1257, 1264 (10th Cir. 2006). Kansas law shall be applied to determine the elements of a retaliatory discharge claim and whether that claim is barred by the settlement agreement. See Shoels v. Klebold, 375 F.3d 1054, 1060 (10th Cir. 2004) cert. denied, 543 U.S. 1147 (2005) (state contract law applies to issues involving the formation and construction of a settlement agreement); Applied Genetics International, Inc. v. First Affiliated Securities, Inc., 912 F.2d 1238, 1239 (10th Cir.

1990) (applying state law in diversity action requiring construction of a release agreement).

Under Kansas law, the "overriding goal" of contract construction is to "effectuate the intent and purpose of the parties, which is ascertained, if possible from the four corners of an instrument." Central Kansas Credit Union v. Mutual Guaranty Corporation, 886 F.Supp. 1529, 1537 (D.Kan. 1995). If a contract's terms are "clear and unambiguous, the court must enforce the agreement by its expressed terms in order to give effect to the parties' intentions." Id. "An unambiguous contract is one which does not contain provisions or language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language." Spiess v. Meyers, 483 F.Supp.2d 1082, 1091 (D.Kan. 2007). A settlement agreement "must be construed in light of its language and the circumstances surrounding its making." In re Estate of Engels, 692 P.2d 400, 404 (Kan.App. 1984). A settlement agreement "only settles the issues the parties intended to settle." Id. It "generally bars pre-existing claims directly tied to the settled dispute." Id.

In this instance, the court believes the term "all claims and issues from any jurisdiction" is ambiguous. It is unclear whether the term means all claims and issues in relation to the workers' compensation case or all claims and issues regarding any possible dispute between plaintiff and defendant. There are cases which

have found ambiguity in comparable situations.

In In re Kahn, 1998 WL 17754 (10th Cir. 1/20/1998) a settlement agreement was entered in an adversary proceeding brought by a creditor and the trustee of a bankruptcy estate against the debtor. The settlement contained the following language:

> Debtor and Plaintiffs . . . hereby waive, compromise, release, cancel, satisfy and discharge one against the other any and all debts, liabilities, claims, demands, actions and causes of action whatsoever that they respectively have or may have or may claim one against the other from the beginning of time to the date of this Agreement, whether known or unknown at the time of the execution of this Agreement . . .

Later in the bankruptcy proceeding, the debtor argued that this language barred a claim by the creditor against the debtor's estate since such a claim fell within the settlement's language waiving "any and all" claims that the parties may have "one against the other." The Tenth Circuit held that the language of the settlement agreement was ambiguous and that the context of the agreement indicated that the parties did not mean to settle any claims between the creditor and the bankruptcy estate.

In Collins v. United States, 708 F.2d 499 (10th Cir. 1983), the court interpreted a release which stated in part:

> Releasors and Releasees desire that any and all claims that Releasors or Curtis M. Collins may have against Releasees be extinguished with finality and the parties hereto further desire to extinguish any and all claims that may possibly be brought by any other entity against Releasees . . . Releasors therefore agree that this agreement shall be construed as a full and final release of any person or entity who is or may be liable for damages to Curtis M. Collins by reason of any diagnosis

>     or treatment of a condition known as spinal meningitis or
>     the failure to diagnose and treat such condition.

The defendant in <u>Collins</u> was the United States on behalf of a Public Health Service Indian Hospital which also rendered treatment to Curtis Collins, but which was not mentioned specifically in the release agreement. The Tenth Circuit held that the release language was ambiguous and did not cover a claim against the government even though it stated that the release was a "full and final release of any person or entity who is or may be liable for damages to Curtis M. Collins."

This court relied upon the <u>Collins</u> decision in construing a release agreement in <u>Highland Restaurants, Inc. v. Judy's Foods, Inc.</u>, 1990 WL 92484 (D.Kan. 6/26/1990). The release was titled "Release of Franchise Rights" and contained the following language:

> Reference is made to the Prospective Licensee Agreement, dated September 1, 1978 between Judy's Foods, Inc. and yourself. We understand that you are willing to release all of your rights under such contract and any and all claims against Judy's Foods, Inc. thereunder, including any claims with respect to your execution of any License Agreements and construction and opening of any restaurants pursuant thereto, for the sum of $25,000.00. . . . [T]his letter will serve as a mutual release for all further rights and obligations under the agreement referred to above and as a release of all claims and demands that either party may have against the other under the terms or by reason thereof and a release of any claims that you may have against Judy's Foods, Inc. with respect to your execution of any License Agreements or the construction or opening of any restaurants pursuant thereto.

The defendant franchisor argued that the release settled all claims between it and the plaintiff franchisee. The plaintiff franchisee

7

argued that the release was ambiguous and only settled claims regarding prospective franchise sites and not claims regarding two operating restaurants. The court held that the release language was ambiguous.

In a different context, the Tenth Circuit construed a summary judgment order in <u>Weyerhaeuser Co. v. Wyatt</u>, 505 F.3d 1104 (10th Cir. 2007). The order explicitly discussed some claims, but did not discuss a breach of contract claim. Nevertheless, the order concluded by saying that "all claims" against the defendant were dismissed. The Tenth Circuit held that the failure to mention the breach of contract claim explicitly in the summary judgment order created sufficient ambiguity that the court needed to consider the surrounding context for clarification. 505 F.3d at 1111.

In line with the above-described cases, the court finds ambiguity in the settlement agreement referred to by the parties in this case. Consulting the context of the agreement, it is clear from the materials in the record that the parties did not intend to settle any claim plaintiff is raising in this case. Therefore, the court shall deny defendant's motion to dismiss or, in the alternative, for summary judgment.

Plaintiff has asked for an award of fees and costs against defendant on the grounds that defendant's motion is "blatantly frivolous." The court finds that defendant's motion is not frivolous. Plaintiff's request for fees and costs shall be denied.

VI. CONCLUSION.

In conclusion, defendant's motion to dismiss or for summary judgment shall be denied.  Plaintiff's informal request for summary judgment is denied.  Plaintiff's request for fees and costs is also denied.

**IT IS SO ORDERED.**

Dated this 11th day of June, 2010 at Topeka, Kansas.

                                    s/Richard D. Rogers
                                    United States District Judge